UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOISES CHAVEZ,<br><br>           Plaintiff,<br><br>     v.<br><br>A. GOMEZ, et al.,<br><br>           Defendants. | Case No. 1:20-cv-01684-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO PROSECUTE**<br><br>14-DAY DEADLINE<br><br>Clerk of the Court to Assign a District Judge |

On September 3, 2021, the Court issued a screening order directing Plaintiff to file a first amended complaint curing the deficiencies in his pleading. (Doc. 6.) On September 15, 2021, the U.S. Postal Service returned the screening order as undeliverable. To date, Plaintiff has not updated his address with the Court or responded to the order.

As explained in the Court's first informational order, a party appearing *pro se* must keep the Court advised of his current address. (Doc. 3 at 5.) Pursuant to Local Rules, if mail directed to a *pro se* plaintiff at his address of record is returned by the U.S. Postal Service, and the plaintiff fails to update his address within 63 days, the Court may dismiss his action for failure to prosecute. Local Rule 183(b).

In addition, Local Rules provide that "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power

to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Although more than 63 days have passed since the U.S. Postal Service returned the Court's order to show cause, Plaintiff has failed to notify the Court of his current address. Thus, it appears Plaintiff has abandoned this action. Whether he has done so intentionally or mistakenly is inconsequential. It is Plaintiff's responsibility to comply with court orders and Local Rules. The Court declines to expend its limited resources on a case that Plaintiff has chosen to ignore.

Accordingly, the Court RECOMMENDS that this action be DISMISSED without prejudice for Plaintiff's failure to prosecute. The Court DIRECTS the Clerk of the Court to assign a district judge to this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **November 24, 2021**           /s/ *Sheila K. Oberto*
                                         UNITED STATES MAGISTRATE JUDGE